By the Court.—
In the former suit, the plea of nul tiel record went only to the existence of the particular judgment recited in the writ, namely, against James H. Green, and the production of a judgment against James Green, was considered by the Court a failure of record. The question whether the Defendant became bail for James Green, whether a judgment was obtained against him, whether the subsequent steps were legally taken so as to charge the bail, were neither discussed nor decided on. And it is only where the question between the parties has been once decided upon confession or verdict, that the judgment can be pleaded to bar another action. Hence, if a party fails by reason of a defect in his declaration, or by misconceiving *100 his action, or by suing as Executor when he was Administrator, the judgment will be no bar in another action for the same cause.
The Ca Sa has in this case issued according to the act.
By the proper County, is meant that wherein the Defendant was arrested, which the Clerk can at once ascertain, by examining the writ, which serves as his guide in issuing the execution. This ought not to be departed from, unless a return of the Sheriff, or something equally satisfactory and conclusive evinces that the County where the Defendant was taken, no longer continues to be his proper County.